UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNONDRE CHARLES CARTER,

        Movant,

                                    File No. 1:15-cv-1196

v.

                                      HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

_____/

## **O P I N I O N**

Before the Court is Movant Cornondre Charles Carter's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court (ECF No. 1). For the reasons that follow, the motion will be denied.

## **I.**

On July 14, 2011, Movant pleaded guilty to knowingly and intentionally possessing with intent to distribute 28 grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii). (*United States v. Carter*, No.1:11-cr-90, Plea Agreement, ECF No. 26.)

For purposes of sentencing, Movant's offense level was 31 and his criminal history category was VI. Movant's offense level included an enhancement due to Movant's status as a career offender under the Sentencing Guidelines. Movant's sentencing range under the

Guidelines was 188 to 235 months' imprisonment. The Court sentenced him to 144 months in prison and 4 years of supervised release.

Movant filed his motion under § 2255 on November 24, 2015. Movant subsequently requested more time to permit him to submit a brief in support of his motion. On February 22, 2016, the Court granted this request, giving him until March 14, 2016, to supplement his motion. More than two months have passed since that deadline and Movant has not filed any supplements to his motion. Thus, the Court will review his motion as it was filed.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due

2

process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). Section 2255 does not require a full blown evidentiary hearing in every instance. "Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made." *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).

### III.

Movant purports to assert two grounds for relief based on ineffective assistance of counsel. First, Movant contends that he was improperly sentenced as a "career offender" under the Sentencing Guidelines, and that his counsel should have corrected this error. Second, Movant claims that his counsel should have addressed the fact that "the [S]tate of Michigan . . . has a sentencing scheme that subjects offenders to lesser penalties depending on the individual defendant[']s personal criminal history." (Mot. to Vacate 2, ECF No. 1.)

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel.

3

To establish a claim of ineffective assistance of counsel, the petitioner must prove:  (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.

To the extent Movant claims that counsel failed to object to the career-offender enhancement to his sentence, Movant cannot satisfy either prong of the *Strickland* test, because he was properly sentenced under the career-offender enhancement. Section 4B1.1(a) of the Sentencing Guidelines sets out the three criteria for determining whether a defendant is a "career offender": "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

 In Movant's case, the first criteria was met because  Movant was born on October 14, 1979 and his offense was committed in February, 2011. Consequently, Movant was at least eighteen years old at the time he committed the instant offense. The second criteria was also met because the instant offense, possession with intent to distribute 28 grams or more of cocaine base, is a "controlled substance offense." The third criteria was also met because Movant had at least two prior felony convictions for a controlled substance offense. In 2004 and in 2005, he was convicted of delivery/manufacture of less than 50 grams of cocaine.

4

Consequently, Movant was properly classified as "career offender" pursuant to Section 4B1.1(a) of the Sentencing Guidelines. In the absence of any error in his sentence, Movant cannot demonstrate either objectively unreasonable conduct by counsel or prejudice to his proceedings.

Movant also claims that counsel should have referenced the fact that Michigan has a different sentencing scheme. However, Movant does not explain why Michigan's sentencing scheme is relevant to his federal sentence. Consequently, as to his second claim for relief, he has not shown unreasonable conduct or prejudice to support his claim of ineffective assistance of counsel. In short, Movant's grounds for relief are meritless.

**IV.**

Alternatively, Respondent claims that the motion under § 2255 is time-barred. The Court agrees. The motion is subject to the one-year statute of limitations in 28 U.S.C. § 2255(f), which runs from the latest of four dates. The only possible dates that are relevant to this case are "the date on which the judgment of conviction becomes final" and "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(1) & (3).

Movant did not appeal his conviction. Thus, the judgment of conviction became final on November 4, 2011, when the 14-day time period for filing an appeal lapsed. *See* Fed. R. App. P. 4(b)(1); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004)

(concluding that, as a general matter, the time limitation for appealing a criminal judgment contained in Rule 4(b)(1) of the Federal Rules of Appellate Procedure governs when a judgment of conviction becomes final for the purposes of 28 U.S.C. § 2255(f)(1)). Carter did not file his § 2255 petition until November 24, 2015, more than one year after the judgment became final. Thus, it is not timely under § 2255(f)(1).

The only newly recognized right possibly applicable to Movant's case is the rule that was announced by the Supreme Court on June 26, 2015, in *Johnson v. United States*, 135 S. Ct. 2551 (2015). That case held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Applying *Johnson*, the Sixth Circuit has held that the residual clause of the career-offender guideline is also impermissibly vague. *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. May 13, 2016). The residual clause includes within the definition of "crime of violence" a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). The foregoing cases do not apply because Movant was not sentenced under the residual clause of the career-offender guideline. Rather, he was sentenced under the clause which identifies "controlled substance" offenses as predicate offenses giving rise to the career-offender enhancement. *See* U.S.S.G. § 4B1.1(a). Thus, Movant cannot rely on *Johnson*, or its progeny, to avoid the statute of limitations.

The statute of limitations in § 2255 is subject to equitable tolling, *Hargrove v. Brigano*, 300 F.3d 717, 719 (6th Cir. 2002), and to an exception for a claim of actual

innocence, *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). Movant does not offer any facts in support of equitable tolling. Nor does he claim that he is actually innocent. Thus, his motion is time-barred.

## V.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon him by this Court will be denied. Because the Court finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect to any of his claims, a certificate of appealability will be denied.

A judgment and order will enter consistent with this Opinion.

Dated: <u>May 27, 2016</u>                                    /s/ Robert Holmes Bell
                                                              ROBERT HOLMES BELL
                                                              UNITED STATES DISTRICT JUDGE